FILED
07/13/2017
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 16, 2017 Session

**RICKEY JOE TAYLOR v. TOWN OF LYNNVILLE**

**Appeal from the Chancery Court for Giles County**
**No. 6496      David L. Allen, Judge**

---

**No. M2016-01393-COA-R3-CV**

---

BRANDON O. GIBSON, J., concurring.

I concur in the majority's opinion, but I write separately to express my concern regarding one facet of statutory interpretation in this case.

Tennessee Code Annotated section 10-7-503(a)(7)(A) provides that "[a] records custodian may not require a written request or assess a charge to view a public record unless otherwise **required** by law . . . ." (Emphasis added.) Thus, only if Tennessee statutes otherwise **require** a written request or assessment of a charge may a records custodian withhold access to public records. Section 10-7-503(a)(7)(C)(i) then goes on to say that "[a] records custodian **may** require a requestor to pay the custodian's reasonable costs incurred in producing the requested material and to assess the reasonable costs in the manner established by the office of open records counsel pursuant to § 8-4-604." Section 8-4-604(a) requires that the office of open records counsel establish "[a] schedule of reasonable charges which a records custodian may use as a guideline to charge a citizen requesting copies of public records pursuant to Title 10, Chapter 7, Part 5."

Our primary task is to interpret the statutory text. Section 10-7-503 prohibits charges to view public records (unless otherwise required by law), but it also permissively allows the collection of "reasonable costs incurred in producing" the material. In my opinion, confusion arises with respect to "producing the requested material." What exactly does production entail? Is production the gathering and compilation of multiple years of Board of Mayor and Aldermen meeting minutes, as was a portion of the request in this case? Or is "production of the requested materials" only copying or otherwise reproducing the requested materials?

Some historical perspective furthers the confusion. The Tennessee Public Records Act ("TPRA") was amended in 2008 with several significant changes. One of those

changes was to create the Office of Open Records Counsel ("ORC"), and the ORC was directed to establish the "Schedule of Reasonable Charges" referenced above. Tenn. Code Ann. § 8-4-604. However, section 10-7-503(a)(2)(C) addressed how fees for copies of records could be assessed until the ORC could create the Schedule of Reasonable Charges. When passed, section 10-7-503(a)(2)(C) provided:

> (i) Until the office of open records counsel develops a schedule of reasonable charges in accordance with § 8-4-604(a), a records custodian may require a requestor to pay the custodian's actual costs incurred in producing the requested material; provided that no charge shall accrue for the first five (5) hours incurred by the records custodian in producing the requested material. Such actual costs shall include but not be limited to:
> (a) The making of extracts, copies, photographs or photostats; and
> (b) The hourly wage of employee(s) reasonably necessary to produce the requested information.
>
> (ii) When such schedule of reasonable charges is developed, the provisions of subsection (a)(7)(C)(1) shall become effective.
>
> (iii) Following the development of the schedule of reasonable charges by the office of open records counsel, the office of open records counsel shall notify the Tennessee Code Commission and when the code commission receives such notice this subdivision (C) shall no longer apply and the language in this subdivision (C) shall be repealed and deleted by the code commission as volumes are replaced or supplements are published.

2008 Tenn. Laws Pub. Ch. 1179 (S.B. 3280).

Thus, it would appear that the Tennessee General Assembly's original intent was to allow a governmental entity to charge for labor costs associated with (a) making copies and (b) producing the requested information. Given that the statutory text originally separated these two tasks, the plain statutory language leads me to believe that they are not one in the same. However, that statutory text was deleted upon the ORC's adoption of a Schedule of Reasonable Charges.

According to the ORC's Schedule of Reasonable Charges, a records custodian may not charge for inspection of public records, but it is entitled to charge for copies if copies are requested. Additionally, if, and only if, copies are requested, the records custodian is permitted to charge for labor, but only those labor charges associated with

the documents for which copies are requested. The Schedule of Reasonable Charges defines "labor" as "the time (in hours) reasonably necessary to produce requested records, including the time spent locating, retrieving, reviewing, redacting, and reproducing records." The Schedule of Reasonable Charges then goes on to say that the governmental entity is allowed to charge for labor exceeding a one (1) hour labor threshold or a higher labor threshold if such is adopted by the governmental entity.

Applying the ORC's Schedule to a hypothetical situation demonstrates the oddity of the statutory provision, given the deletion of 503(a)(2)(C) and the implementation of the Schedule of Reasonable Charges. An individual could request to inspect the minutes of forty years' worth (or more) of city council meetings, every contract ever entered into between a city and a third party, and every other document, paper, letter, and map connected with the transaction of official business by any governmental entity. *See* Tenn. Code Ann. § 10-7-503(a)(1). Under such a circumstance, the governmental entity may not charge for any labor costs associated with such a voluminous request. However, if the individual asks for copies, the entity may then charge for labor costs, but only for the labor associated with the documents of which copies are requested. Given the language the general assembly chose in 2008, although deleted by operation of the statute itself, this result seems non-sensical. Yet, just such a result is required by the plain language of the statute in its current form and the Schedule of Reasonable Charges. And for that reason, I must concur.

_____
BRANDON O. GIBSON, JUDGE

3